SAMUEL S. GIBSON *vs.* JOHN B. SULLIVAN.

ADNA F. TRIPP *vs.* SAME.

Bristol.    October 29, 1895. — November 27, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Master and Servant — Negligence — Assumption of Risk — Due Care.*

In an action for personal injuries occasioned to the plaintiff, while in the defendant's employ, by the alleged negligence of the defendant in failing to furnish suitable appliances and safeguards, if the evidence is conflicting upon the ques-

tion whether certain appliances and safeguards for the work in question, which he did not furnish, were necessary or customary, and the evidence shows that the plaintiff was of more than ordinary skill and experience in his trade, but that he never had any experience in this particular work, the questions whether the defendant was at fault, and whether the plaintiff had assumed the risk, or was not in the exercise of ordinary care, are for the jury.

Two ACTIONS OF TORT, for personal injuries occasioned to the plaintiffs respectively, while in the defendant's employ as masons, by the fall, upon a staging on which they were standing while at work, of certain terra-cotta brackets and copings which projected from the wall of a building in process of erection by the defendant, the weight of the brackets and copings breaking the staging and precipitating the plaintiffs to the ground. The declaration in each case contained four counts, the first three at common law, and the fourth under the employers' liability act, St. 1887, c. 270. The cases were tried together in the Superior Court, before *Braley,* J., and at the close of the evidence the plaintiffs elected to rely upon the second and fourth counts of the declarations.

The jury returned a verdict for the plaintiff in each case; and the defendant alleged exceptions. The facts appear in the opinion.

*C. W. Clifford & O. Prescott, Jr.,* for the defendant.

*L. LeB. Holmes & E. D. Stetson,* for the plaintiffs.

BARKER, J. The defendant concedes that it is immaterial whether there was evidence upon which the jury might have returned verdicts for the plaintiffs upon the fourth counts of the declarations. The second count in each declaration was at common law, alleging a negligent failure of the defendant to furnish suitable appliances, safeguards, and means for the work, by reason of which failure the plaintiff was exposed to and injured by unnecessary risks, of which he was ignorant, but which the defendant knew or ought to have known. The defendant contends that verdicts for the plaintiffs upon these counts were not authorized by the evidence, because the evidence does not justify a finding that he was negligent, and because, if there was evidence for the jury that he was negligent, then upon the evidence the danger arising from the negligence was obvious, and the plaintiffs must be held to have assumed the risk of injury therefrom, or to have been wanting in due care.

In the present cases there was evidence tending to show that the defendant failed to furnish iron rods to be inserted in the holes in the tops of the terra-cotta coping to tie the coping to the wall, and that such irons should have been used to tie the coping pieces to the wall while the work was in progress, and there was no evidence that the defendant used any care or diligence to furnish such iron ties or any supporting appliances in lieu of them. But there was also evidence tending to show that they were unnecessary, and that the work was reasonably safe as it was in fact conducted. There was evidence that each of the plaintiffs was of more than ordinary skill and experience as a mason, from which, in connection with the description of the work and the materials used in it, the jury might have found that they knew and appreciated whatever danger in fact existed. But the plaintiff Tripp testified that he had never set terra-cotta brackets before, had seen but very little terra-cotta set, and that such as he had seen were set flush with the wall; that he did not know what the holes in the tops of the pieces were for, and knew nothing about any irons, and that he relied on the foreman whether there were irons to be there or not. So also the plaintiff Gibson testified that he had never set any terra-cotta like that used on this building; that he was not familiar with this kind of terra-cotta; that the difference between it and other terra-cotta which he had used was in the proportion of the projecting part to the rest of the bracket; and that he was ignorant of the manner in which this should be set, and relied entirely upon the instructions of the foreman. There was also evidence from the defendant's experts that binding irons to hold the coping were not necessary, nor part of the ordinary method of construction. Besides this, sample pieces of the brackets and coping were shown to the jury, and there was evidence tending to show how much they projected, and that when set the weight of the filling would hold them in place. Upon this state of the evidence, the questions whether the defendant was at fault, and whether the plaintiffs had assumed the risk, or were not in the exercise of ordinary care, were for the jury.

*Exceptions overruled.*